A97A1337. GRAVITT v. THE STATE.

(492 SE2d 739)

JOHNSON, Judge.

A jury found Charles Edward Gravitt guilty of two counts of cruelty to children and one count each of incest, aggravated child molestation, aggravated sodomy, and sexual battery related to his daughter and two counts of aggravated sexual battery and one count of cruelty to children related to his girl friend's daughter. Gravitt appeals his convictions, and we affirm.

1. In his first enumeration of error, Gravitt contends the evidence was insufficient to support his convictions. On appeal of a criminal conviction based on a jury verdict, this Court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to support that verdict. *Gable v. State,* 222 Ga. App. 768, 769 (1) (476 SE2d 66) (1996). Viewed in this light, the evidence showed that Gravitt is the biological father of one of the victims. When his daughter was ten years old, Gravitt began touching her in inappropriate ways. When she was 12, Gravitt began having sexual intercourse and oral sex with his daughter. Gravitt would push his daughter's head down on his penis and make her sodomize him. He also attempted anal intercourse with his daughter. Gravitt told his daughter he was preparing her for what men would expect of her.

During weekend visits with Gravitt, Gravitt insisted his daugh-

ter sleep with him and made his girl friends sleep on the floor or the sofa. He also encouraged her to drink alcohol. Gravitt continued to have sexual intercourse with his daughter until she turned 17.

Gravitt's daughter never told anyone about the occurrences because she was scared and ashamed. She finally told her fiance that her father had been having sexual intercourse with her. Her fiance corroborated her admission about her father. She subsequently told law enforcement officials and her mother. The psychotherapist who treated and evaluated Gravitt's daughter testified that Gravitt's daughter told her that Gravitt had sexually abused her from age ten to seventeen. She concluded that the victim exhibited behavior consistent with victims of sexual abuse.

The other victim is the daughter of a woman with whom Gravitt lived during the summer of 1991. The victim was 13 years old at the time. She confirmed that when Gravitt's daughter came to visit, her mom would sleep on the couch and Gravitt's daughter would sleep with him. The victim's mother gave consistent testimony as to the sleeping arrangements. On one occasion Gravitt fondled the victim, and on another occasion, Gravitt inserted his finger into her vagina. On a third occasion, Gravitt stuck the top of a lotion bottle inside her vagina. The victim told her mother, but her mother did not believe her.

A police investigator corroborated the allegations of both victims.

Similar transaction evidence revealed that in 1985 and 1986, Gravitt lived with another woman and her two daughters. Gravitt molested those two girls over a six-month period when the girls were approximately ten and eleven years old. Gravitt also had oral sex with one of the girls.

We find the evidence adduced at trial sufficient to authorize a rational trier of fact to find Gravitt guilty beyond a reasonable doubt of all the charges against him. See *Gable,* supra; *Legg v. State,* 207 Ga. App. 399, 400-401 (3), (5) (428 SE2d 87) (1993); *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). While Gravitt challenges the credibility of the victims, "the weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to [her] own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence." (Citation and punctuation omitted.) *Royal v. State,* 217 Ga. App. 459, 460 (1) (458 SE2d 366) (1995).

2. In his second enumeration of error, Gravitt contends the trial court erred in refusing to allow him to present evidence of a prior false allegation by one of the victims. In *Smith v. State,* 259 Ga. 135

(377 SE2d 158) (1989), the Supreme Court held that, subject to a threshold determination, evidence of prior false allegations by a victim does not fall within the proscription of rape-shield laws and that such evidence may be admitted. However, before admitting the evidence, the trial court must determine, outside the presence of the jury, that a reasonable probability of falsity exists. See *Ellison v. State*, 198 Ga. App. 75, 76 (1) (400 SE2d 360) (1990).

Outside the presence of the jury, Gravitt proffered evidence that a 1982 child molestation case involving his girl friend's daughter had been dead-docketed. Gravitt offered this evidence to prove that the victim had made false allegations against her father in 1981. Gravitt admitted there was no explanation given for the dead docket and acknowledged that the victim was only three years old at the time.

Defense counsel admitted, "these just bring up the bare possibility of falsity. And I'm not sure, frankly, that in and of themselves they would reach the threshold requirement. . . ." The trial court determined that there was no reasonable probability that the previous allegations were false. Based on the evidence presented, we find the trial court did not err in excluding the proposed evidence.

3. In his third enumeration of error, Gravitt maintains the trial court erred in admitting evidence of similar transactions. We disagree.

"'In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. . . . There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged.' [Cit.]" *Stine v. State*, 199 Ga. App. 898, 899 (2) (406 SE2d 292) (1991).

A daughter of a woman with whom Gravitt had previously lived testified that when she was ten years old Gravitt touched her breasts and vagina throughout the time he lived with her mother. Likewise, a second daughter testified she was 12 or 13 years old when Gravitt touched her genital area and performed oral sex on her during that period. It is undisputed that Gravitt was never prosecuted for these offenses. The mother testified that her two daughters reported to her that Gravitt had committed sexual acts upon them.

We are satisfied that there exists a sufficient similarity or connection between the prior independent crimes and the offenses charged. All of the incidents involved Gravitt molesting young girls, either his own daughter or daughters of girl friends. Moreover, the rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses. *Lumsden v. State*, 222 Ga. App. 635, 636 (1) (475 SE2d 681) (1996). Thus, the trial court did not err in admitting this similar transaction evidence.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 9, 1997.

*Kathleen J. Anderson*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.