A98A1924. BERRY v. THE STATE.
(508 SE2d 435)

JOHNSON, Presiding Judge.

Robert Sanders Berry was charged with one count of aggravated child molestation and two counts of child molestation. A jury found Berry guilty of one count of child molestation and not guilty of the remaining counts. Berry appeals. We affirm.

The facts, viewed in a light most favorable to support the jury verdict, reveal that Berry's eleven-year-old niece, E. B., testified that she and two other children accompanied Berry into the woods behind

his apartment complex. Berry brought a flashlight and some pages from a pornographic magazine. He built a fire, hung the flashlight in a tree to provide light, and told E. B. he would give her $20 if she removed her clothes. While E. B. removed her clothes, Berry removed his pants. He then masturbated.

Another time, Berry asked E. B. and another child to follow him to a bedroom in his apartment. He closed the door, and the three played a game in which they each removed pieces of their clothing. E. B. testified that she had removed her shirt and shorts when her father came home and Berry told the girls to put their clothes back on. Berry had removed his pants and underwear. During the game, Berry pulled out pornographic magazines and showed them to the children.

E. B. further testified that one time she was alone with Berry in a storage room when Berry turned off the lights and began fondling her. He touched her around her "butt and all of that" with his hands and mouth. She also testified about a time when she went to Berry's apartment to paint his bedroom. When her father left, Berry told E. B. to remove some of her clothes and he masturbated. He offered her $20 if she would let him "put his tongue up [her]." Berry then performed oral sex on E. B.'s 12-year-old brother in her presence. Afterward, he showed the children how to use a condom by placing it on his penis.

An investigative agent read E. B.'s statement during his testimony. This statement was consistent with E. B.'s trial testimony. Her testimony was also supported by the statement her brother gave to the agent.

1. Berry contends the trial court erred by permitting the state to introduce into evidence E. B.'s statement to the agent. Berry argues that the portions of E. B.'s statement concerning the game or the incident in the woods are not covered by the child hearsay statute (OCGA § 24-3-16) because neither occurrence described an act of sexual contact. We disagree.

OCGA § 24-3-16 permits the introduction into evidence of "[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another *or performed with or on another in the presence of the child*" if the child is available to testify and the court finds that the circumstances of the statement provide sufficient indicia of reliability. (Emphasis supplied.)

E. B.'s statements regarding Berry's actions in the woods fall within the statute. In the challenged statement, E. B. told the investigating agent that Berry asked her to remove all her clothing and that once she had done so, Berry began to masturbate in her presence. Even absent contact with the child, Berry's masturbation is

clearly an action performed "with or on another in the presence of the child."

As for the statements regarding the game, the acts described were part of the res gestae of the crime charged. "[A]cts are pertinent as part of the res gestae if they are done pending the hostile enterprise, and if they bear upon it, are performed whilst it is in continuous progress to its catastrophe, and are of a nature to promote or obstruct, advance or retard it, or to evince essential motive or purpose in reference to it." (Citations, punctuation and emphasis omitted.) *Gonzalez v. State*, 213 Ga. App. 667, 669 (3) (445 SE2d 769) (1994). A trial court's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered by the jury will not be considered on appeal unless that determination is clearly erroneous. Id. We find no such error here. Moreover, any possible error in admitting this portion of E. B.'s statement to the investigating agent was harmless in light of the overwhelming evidence concerning Berry's commission of child molestation. See *Sparks v. State*, 172 Ga. App. 891, 892 (1) (324 SE2d 824) (1984).

2. Berry asserts he was denied a thorough and sifting cross-examination of E. B.'s mother because he was not permitted to question the mother regarding her previous testimony under oath that E. B. had been sexually molested by three different persons. Berry further argues that the trial court erred in refusing to allow him to introduce such evidence to suggest or imply that someone other than he molested E. B. We disagree with Berry's contentions since such evidence was not relevant to the crimes charged.

"Generally, evidence of a prior molestation or previous sexual activity on the part of the victim is not admissible in a child molestation case to show either the victim's reputation for nonchastity or preoccupation with sex. [Cit.] This type of evidence may be admissible for the limited purpose of establishing other possible causes for behavioral symptoms typical of the child sexual abuse accommodation syndrome or to explain certain medical testimony introduced at trial. [Cit.]" *Tidwell v. State*, 219 Ga. App. 233, 237-238 (5) (464 SE2d 834) (1995). Such evidence may also be admissible to show the victim's lack of credibility where the victim has made prior false allegations of child molestation. See *Wilson v. State*, 210 Ga. App. 705, 707 (1) (436 SE2d 732) (1993).

Here, none of the exceptions to the general rule of inadmissibility applies. There was no expert testimony concerning the child abuse accommodation syndrome, nor was any medical evidence admitted. There was also no evidence that E. B. ever made any false allegations of child molestation. While evidence of prior molestations may be admissible to show that someone other than the accused com-

mitted the crime alleged, there is no evidence in the record that any individual other than Berry committed the acts of child molestation charged here. The trial court did not abuse its discretion in ruling that evidence of other alleged molestations was not relevant to the present molestation charge.

Furthermore, even if the trial court should have allowed Berry to introduce such evidence and to cross-examine the child's mother regarding such evidence, it is highly probable that the error did not contribute to the verdict. In light of the abundant evidence against Berry, including the victim's testimony, her brother's testimony, the testimony of another child, and the children's statements to law enforcement officers, the trial court's exclusion of the evidence and limitation of cross-examination was harmless. See *Letlow v. State*, 222 Ga. App. 339, 343 (2) (474 SE2d 211) (1996).

3. Berry also enumerates as error the trial court's denial of his motion for new trial, based on the grounds raised in his other enumerations of error. For the reasons discussed in Divisions 1 and 2, this enumeration lacks merit.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 29, 1998.

*B. Dean Grindle, Jr.*, for appellant.
*Darrell E. Wilson, District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.