A99A0375. WILLIAMS v. THE STATE.
(512 SE2d 363)

JOHNSON, Chief Judge.

A jury found Willie Earl Williams guilty of child molestation. He appeals, and we affirm.

1. Williams claims the trial court erred in not allowing him to introduce evidence of a prior molestation against the victim. We disagree.

The record shows that a man named Buddy Dale previously pled guilty to molesting the victim. The state filed a motion in limine seeking to prohibit Williams from introducing any evidence of molestation of the victim by Dale. The trial court granted the state's motion. Williams contends the evidence was relevant to explain to the jury the source of the victim's shocking knowledge of sexual acts.

It is well established that evidence of a prior unrelated molestation generally is not admissible. *Blackwell v. State*, 229 Ga. App. 452, 454 (2) (494 SE2d 269) (1997). The few recognized exceptions include: (a) to show that someone other than the defendant caused the injuries to the child; (b) to show lack of victim credibility if the victim's prior allegations of molestation were false; and (c) to show other possible causes for the symptoms exhibited. *Wand v. State*, 230 Ga. App. 460, 462 (2) (b) (496 SE2d 771) (1998) (physical precedent only); *Wilson v. State*, 210 Ga. App. 705, 706-707 (1) (436 SE2d 732) (1993). None of these exceptions to the general rule of inadmissibility applies in the present case.

Furthermore, this Court has previously rejected similar arguments regarding a child victim's knowledge of sexual acts. In *McGarity v.*

*State*, 224 Ga. App. 302, 303 (1) (480 SE2d 319) (1997), the defendant sought to introduce evidence of a child's prior sexual activities "in order to counter any belief by the jury that a child of that age would not know of such matters unless she had in fact been molested by the defendant." Id. We rejected this argument, finding that the rape shield statute barred such evidence. Likewise, in *Washington v. State*, 225 Ga. App. 262, 263 (2) (483 SE2d 683) (1997), we held that "knowledge of a crime gained through being a victim of that crime at the hands of others can have no relevance to the issue of guilt or innocence of the defendant on trial. The past sexual experience of a child in a case such as this is irrelevant to the issue of whether molestation was committed by the defendant on trial." (Citation and punctuation omitted.) See also *Cantrell v. State*, 225 Ga. App. 680, 681 (484 SE2d 751) (1997). The trial court correctly excluded any reference to the past molestation of the victim.

2. Williams claims he was denied effective assistance of counsel based on trial counsel's failure to present evidence that the victim had previously been molested by Dale. Trial counsel testified at the motion for new trial hearing that he was aware that Dale had been convicted of molesting the victim and that he had even brought Dale from prison to testify. However, he was not able to present this evidence because the trial court granted the state's motion in limine excluding the evidence. Based on our holding in Division 1 that the trial court correctly excluded any reference to past molestation of the victim, this enumeration of error lacks merit.

3. Williams claims the trial court erred by admitting similar transaction evidence that he sexually molested the six-year-old daughter of a previous wife. However, Williams has waived this argument. Although the record shows that Williams' trial counsel objected to the evidence at the similar transaction hearing, he did not object when the evidence was introduced at trial. The failure to object to the introduction of the similar transaction evidence when it is offered at trial waives this claim. *Baise v. State*, 232 Ga. App. 556, 561 (3) (502 SE2d 492) (1998); *Jackson v. State*, 223 Ga. App. 207, 208 (1) (477 SE2d 347) (1996).

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 15, 1999 —
RECONSIDERATION DENIED FEBRUARY 26, 1999 — ▉

*McGee & McGee, James B. McGee III*, for appellant.

*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.