## A98A2473. SPRUELL v. THE STATE.

(514 SE2d 896)

BARNES, Judge.

After two earlier prosecutions ended in mistrials, Michael Spruell was convicted of rape, aggravated assault, and attempted aggravated sodomy. He now appeals, contending the trial court erred by allowing a victim to identify him as the person who tried to force her to commit sodomy; by allowing the prosecutor to give an improper and prejudicial closing argument; by failing to give, sua sponte, a charge on similar transactions; and by allowing Spruell's testimony from a previous trial to be read in evidence. Spruell alleges further that he was denied the effective assistance of counsel and that the evidence is insufficient to sustain his conviction of rape. We disagree and affirm.

Viewed most favorably in support of the verdict, the evidence shows that late one night Spruell encountered a woman ("victim one") walking home from work. After unsuccessfully attempting to entice her into his car to have sex with him, Spruell physically attacked her. He punched her in the eye and hit her on the face breaking her nose. He kicked her, ripped her clothes, and attempted to force his penis into her mouth.

When this attack failed, Spruell drove off and a few blocks away encountered another woman ("victim two") walking home. After talking briefly, victim two asked Spruell to give her a ride to her home. Even though not a friend of Spruell's, victim two knew him because of his local fame as a basketball player. Once she was in the car, Spruell drove into an alley and attacked her. Spruell hit victim two, grabbed her neck, and exposed his penis. Victim two resisted Spruell's attack, but then pretended to agree to his intentions by offering him a condom.

After Spruell stopped the car, victim two fled screaming from the car. Spruell chased her and dragged her back to the alley where he raped her.

Upon hearing victim two's screams, occupants of a nearby house called the police. An officer in the vicinity responded to the call, and

as he approached the scene, he turned off his engine and lights and coasted down the alley. The officer came upon Spruell and victim two while Spruell was raping her and victim two was screaming. Spruell attempted to flee, but the officer apprehended him. Following his arrest, Spruell was identified by both victims as the person who assaulted them. Spruell told the police that victim two consented to sexual intercourse with him.

During the trial, evidence was presented that Spruell had a sexual encounter with a third woman and had blood on his shirt. Tests of this blood showed that this was not the blood of either victim one or victim two.

1. Relying upon victim two's testimony that Spruell's penis only hit her vagina and his denial that he raped her, Spruell contends the evidence is not sufficient to sustain his conviction for rape. We disagree.

> "Under the established rule in this State, the penetration of the female sexual organ by the sexual organ of the male, which is necessary to constitute rape, need be only slight; it is not necessary that the vagina shall be entered or the hymen ruptured, but an entering of the anterior of the organ, known as the vulva or labia, is sufficient." [Cits.]

*Payne v. State*, 231 Ga. 755 (1) (204 SE2d 128) (1974).

After viewing the evidence in the light most favorable to the jury's verdict, we conclude that victim two's testimony, in conjunction with Spruell's testimony that victim two not only consented to the sexual act, but forced him to have sex with her, presented sufficient evidence of penetration to allow a rational trier of fact to find Spruell guilty of rape beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Spruell also contends that his identification by victim one was tainted by an impermissibly suggestive photo lineup. See *Tiller v. State*, 222 Ga. App. 840, 841 (476 SE2d 591) (1996). According to victim one's testimony, the photo lineup shown to her initially was not the same as the one introduced at trial, and the first lineup had Spruell's photograph taped on top of another photograph. The test employed in such cases "is whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *McCoy v. State*, 190 Ga. App. 258, 260 (3) (378 SE2d 888) (1989). Further, when evaluating the likelihood of misidentification, courts must consider: (a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness's degree of attention, (c) the accuracy of the witness's prior description of the criminal, (d) the level of certainty demon-

strated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. Id. at 260-261.

In this appeal, victim one was face to face with Spruell for an extended period while he attempted to persuade her to enter his car and then during the attack. She made her initial identification of him shortly after the incident, and she identified Spruell without hesitation. Also, the description of her attacker and his car was generally accurate, except for stating that Spruell had on long pants when he was wearing shorts, and she was particularly accurate in describing items which could be and were found in Spruell's car. In addition, the police officer who supervised the photo lineup testified that victim one immediately identified Spruell when she was presented with the photographs, and that only one lineup was prepared. Further, victim one positively identified Spruell in court.

Considering these factors, we conclude that under the circumstances of this case, the procedures used were not so impermissibly suggestive as to cause a very substantial likelihood of irreparable misidentification.

Assuming arguendo that some taint occurred in the pretrial identification, a witness's in-court identification may be admitted if it has an "independent origin." *McCoy v. State*, 190 Ga. App. 261. See *Jones v. State*, 258 Ga. 25, 27 (3) (365 SE2d 263) (1988). Thus, considering the totality of the circumstances discussed above as well as the witness's ability to identify Spruell, notwithstanding the passage of time until trial, we find that the witness's in-court identification had an independent origin.

3. After Spruell's conviction, his appellate defense counsel filed an amended motion for a new trial asserting that Spruell's defense counsel in the two previous trials and this trial did not provide him with effective assistance of counsel. Spruell alleged that his defense counsel failed to move for a severance of the counts of the indictment, made an untimely objection to victim one's identification testimony, failed to object to prejudicial remarks in the prosecutor's closing argument, requested a confusing jury charge on rape, failed to enforce a subpoena for an alibi witness, and failed to argue adequately that Spruell could be treated as a first offender. After conducting a hearing on these allegations during which the trial defense counsel testified, the trial court denied Spruell's motion.

To prevail, Spruell was required to establish that his trial defense counsel's performance was deficient and the deficient performance prejudiced his defense. *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Spruell needed to show there was a reasonable probability the result of his trial would have been different, but for his defense counsel's unprofessional deficiencies. *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988). Spruell further had to over-

come the strong presumption that his representation was effective. *Clarington v. State*, 178 Ga. App. 663, 667 (5) (344 SE2d 485) (1986).

In reviewing this issue, however, we need not address both components of an ineffective assistance of counsel claim if the appellant makes an insufficient showing of one component, and the components need not be addressed in any particular order. *Thompson v. State*, 191 Ga. App. 906 (1) (383 SE2d 339) (1989); *Young v. State*, 191 Ga. App. 651, 653 (2) (382 SE2d 642) (1989). As we do not find that Spruell's trial defense counsel was ineffective, we will not address whether the outcome of the trial might have been different had counsel been ineffective.

(a) As Spruell was not entitled to a severance, the trial defense counsel was not ineffective for not moving for one. It is not an abuse of discretion for a trial court to refuse a severance of multiple charges when the crimes alleged were part of a continuous transaction conducted over a brief time span, and from the nature of the transaction, it would be almost impossible to present evidence of one of the crimes to the jury without also permitting evidence of another. *Dobbs v. State*, 204 Ga. App. 83-84 (1) (418 SE2d 443) (1992). This case falls within those circumstances.

(b) Additionally, the trial defense counsel's objection regarding victim one's identification of Spruell was considered and denied on the merits; it was not denied because it was untimely. Moreover, we find in Division 2 that the trial court did not err by overruling Spruell's objection to this witness's identification testimony.

(c) Although the trial defense counsel's argument that Spruell should be treated as a first offender may not have been a model of perfection, the argument was sufficient to present the issue to the trial court. Further, as *State v. Allmond*, 225 Ga. App. 509 (484 SE2d 306) (1997), was subsequently overruled, it cannot be said the trial court erred by refusing to accept the *Allmond*-based argument. See *Fleming v. State*, 233 Ga. App. 483, 485-488 (3) (504 SE2d 542) (1998).

(d) In the same manner, trial defense counsel objected to the prosecutor's closing argument, but the objection was not sustained. Because we find in Division 4 that no further action was required of the trial court, this cannot constitute ineffective assistance of counsel.

(e) We also find that the charge requested on the rape count was unlikely to have confused the jury and did not constitute ineffective assistance of counsel. This charge, in effect, tried to preserve both the lack of penetration argument and Spruell's contention that victim two consented to voluntary intercourse.

(f) The transcript shows the trial defense counsel decided not to request a continuance to obtain the presence of the witness after con-

sulting with Spruell. It is not apparent that this decision constituted the ineffective assistance of counsel. Even if this decision was a mistake, strategic or tactical errors do not always equal ineffective assistance of counsel. *Clarington,* 178 Ga. App. at 667. Even though another trial defense counsel may have pursued a different strategy or tactic, this does not constitute a denial of the effective assistance of counsel. *Heard v. State,* 177 Ga. App. 802, 804 (5) (341 SE2d 459) (1986). "In the absence of testimony to the contrary, counsel's actions are presumed strategic. *Stanley v. Zant,* 67 F2d 955 (11th Cir. 1983), cert. denied, 467 U. S. 1219 (1984)." *Earnest v. State,* 262 Ga. 494, 496-497 (5) (422 SE2d 188) (1992).

A trial defense counsel's performance must be measured under the circumstances existing at trial and not with the benefit of hindsight. *Smith v. Francis,* 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). Considering the totality of the trial and not just appellant's allegations of isolated errors (*Clarington,* 178 Ga. App. 666-667), we are satisfied that Spruell has not met his burden of showing that his defense counsel was ineffective.

Accordingly, we do not find that the trial court erred by denying Spruell's motion for new trial based upon ineffectiveness of counsel.

4. In addition to urging that trial defense counsel was ineffective for failing to object promptly to the prosecutor's closing argument, Spruell also contends the argument was improper and prejudicial. Spruell's objection concerns the prosecutor's argument that Spruell attacked three victims that night. This argument was based on Spruell's statement that he had sexual relations with another woman that night and the presence of blood on the front of his shirt. The trial court responded to the objection by reminding the jury that counsel's argument was not evidence and advising the jury to recall the facts and the evidence.

Although counsel may not state prejudicial facts that are not in evidence, counsel may draw deductions from the evidence regardless of how illogical and unreasonable. *Adams v. State,* 260 Ga. 298, 299 (1) (392 SE2d 866) (1990). In this case, the statements made by the prosecutor were drawn from testimony. Therefore, this was a matter for reply by Spruell's counsel, and not for rebuke by the court or a mistrial. *Alexander v. State,* 263 Ga. 474, 475-477 (2) (435 SE2d 187) (1993).

Further, whether a trial court takes sufficient measures to remove improper matters from the minds of the jury generally depends upon the circumstances of the case. In this appeal, we cannot conclude the trial court's response to the prosecutor's argument was so inadequate as to require a new trial. *Purvis v. Toole,* 207 Ga. App. 189, 190 (3) (427 SE2d 565) (1993).

5. Spruell's contention that the trial court was required to give,

sua sponte, a limiting instruction on the use of the similar transaction evidence is without merit. *State v. Belt*, 269 Ga. 763, 764 (505 SE2d 1) (1998).

6. Spruell's allegation that it was error for his prior testimony to have been read to the jury is without merit. Although Spruell acknowledges that our law clearly authorizes reading such testimony, he contends that it should have been excluded in this case because his prior testimony was prompted by victim one's identification evidence which Spruell contends should have been excluded. As we found in Division 2 that the identification testimony was authorized, this enumeration of error is also without merit.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 18, 1999 —
RECONSIDERATION DENIED APRIL 1, 1999 —

*Dwight L. Thomas, Caprice J. Small*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.