A99A1539. WELDY v. THE STATE.
(521 SE2d 858)

MCMURRAY, Presiding Judge.

Defendant Michael Calvin Weldy appeals his jury conviction for two counts of aggravated child molestation and two counts of child molestation.

1. Defendant contends the trial court erred in excluding evidence that the four-year-old victim may have falsely accused another person (her babysitter) of child molestation.

Before admitting proof of a victim's false allegation of sexual misconduct by another, the trial court must make a threshold determination outside the presence of the jury in the exercise of its discretion and determine whether a reasonable probability of falsity exists. *Smith v. State*, 259 Ga. 135, 136 (1) (377 SE2d 158). The definition of "reasonable probability" in such context has been said to be a probability sufficient to undermine confidence in the outcome. *Strickland v. State*, 205 Ga. App. 473, 474 (422 SE2d 312). At a hearing on this subject in the case sub judice, it was shown that the victim, when she was three years of age, affirmed during an interview with a Department of Family & Children Services ("DFCS") caseworker that her babysitter touched her "bottom." There is no indication in the record, however, that this allegation is false, or that it even related to a prior act of child molestation. The trial court recognized these deficiencies and excluded defendant's use of the victim's statement regarding her babysitter. Under such circumstances, we cannot say the trial court abused its discretion in excluding defendant's use of

the victim's prior statement regarding her babysitter. See *Eason v. State*, 215 Ga. App. 614 (451 SE2d 820). It is highly unlikely that introduction of this evidence would have aided defendant's cause or otherwise undermined the State's case. See *Strickland v. State*, 205 Ga. App. at 474, supra.

2. Defendant contends in his second enumeration of error that "[t]he trial court erred in its determination that the alleged victim's taped statements were reliable." An examination of the trial transcript reveals that defendant waived his right to raise this assertion on appeal by failing to object at trial to admission of an audiotape and a videotape of the victim's interview with DFCS caseworkers. Indeed, the trial transcript reveals that defendant's trial attorney insisted that the jury consider these recordings and follow along with a transcript of the victim's taped interview. A criminal defendant cannot complain of errors or rulings which his own conduct procured or aided in causing. See *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251). Arguments challenging the admission of statements by the victim other than her taped interview constitute unauthorized expansions of defendant's second enumeration of error. *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649).

3. Defendant's final enumeration of error challenges the Hall County Sheriff's practice of greeting prospective jurors as they enter the courthouse for jury duty. We reject this assertion for the same reasons this Court rejected an identical assertion in *House v. State*, 237 Ga. App. 504, 506 (2) (a) (515 SE2d 652).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 27, 1999 —
RECONSIDERATION DENIED SEPTEMBER 8, 1999.

*Neil A. Smith*, for appellant.
*Lydia J. Sartain, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.