## A00A2095. HARDEMAN v. THE STATE.
### (544 SE2d 481)

JOHNSON, Presiding Judge.

A jury found Dexter Hardeman guilty of committing aggravated sexual battery upon his girlfriend's 15-year-old daughter. On appeal, he challenges the constitutionality of Georgia's aggravated sexual battery statute, the sufficiency of the evidence to support the conviction, the trial court's exclusion of evidence that the victim accused another person of molestation on a prior occasion, and the admission of similar transaction evidence. Because the constitutional challenges were not preserved for appellate review and the other enumerations are without merit, we affirm the conviction.

1. Hardeman initially filed this appeal in the Supreme Court of Georgia, but the Supreme Court transferred the case to this Court after holding that Hardeman waived his challenges to the constitutionality of OCGA § 16-6-22.2 (b) by not raising them at the earliest opportunity.[1] We are bound by the Supreme Court's ruling that no constitutional question was properly raised.[2] Therefore, we will consider only the remaining enumerations of error.

2. Hardeman's challenge to the sufficiency of the evidence is without merit. On appeal, we view the evidence in a light most favorable to the verdict. So viewed, the evidence shows that 22-year-old Hardeman was living with his girlfriend and her children. One evening, while his girlfriend was at work, Hardeman went into the children's bedroom. The victim, S. H., was sitting on her bed. Hardeman walked over to her and began rubbing her leg. S. H. told him to stop and tried to move away, but Hardeman grabbed her arm and told her to go into the bathroom. Afraid, S. H. complied with his request. Hardeman pulled down her pants and inserted his fingers into her vagina. S. H. testified that Hardeman then forced her to have sexual intercourse with him.[3]

---

[1] *Hardeman v. State*, 272 Ga. 361 (529 SE2d 368) (2000).

[2] See *Schmidt v. Feldman*, 230 Ga. App. 500, 501-502 (2) (497 SE2d 23) (1998).

[3] We note that Hardeman was also charged with statutory rape, but the trial court

Three other witnesses testified to similar transactions. B. M., a 14-year-old friend of S. H., testified that she was riding in a car with Hardeman and S. H.'s mother around the date of the charged incident. S. H. was in the backseat, and Hardeman was in the passenger's seat. The three began playing a game in which they hit each other whenever a car passed them. Hardeman turned around and tried to grab B. M.'s breasts. She knocked his hand away. When S. H.'s mother got out of the car, Hardeman told B. M. that she had "some pretty legs" and asked her when they were "going to hook up."

A 12-year-old friend of S. H. testified that, at around the same time as the charged incident, she and several other people, including Hardeman and S. H., were playing hide-and-seek in S. H.'s home. Hardeman turned out the lights and found 12-year-old V. W. hiding behind a couch. He grabbed her breasts, buttocks and genital area. V. W. punched him and ordered him to get off of her.

The victim's 14-year-old sister, E. R., testified that as she walked out of the bathroom, Hardeman tried to touch her breasts. She punched him in the face, and he left the room. This incident occurred the same day as the charged offense.

A person commits the offense of aggravated sexual battery when he intentionally penetrates with a foreign object the sexual organ or anus of another person without that person's consent.[4] The term "foreign object" includes not only inanimate instruments, but also a person's body parts, such as a finger.[5] The evidence was sufficient for a rational trier of fact to find Hardeman guilty beyond a reasonable doubt of aggravated sexual battery.[6]

3. Hardeman contends the trial court erred in excluding evidence that S. H. made a prior allegation of molestation against her stepfather. Hardeman points to evidence that S. H. told investigators in the earlier case that she was not sure whether her stepfather had actually molested her or whether she had only dreamed that he had. This, Hardeman argues, shows S. H.'s state of mind, namely that she is unable to distinguish "between a dream and reality." The trial court did not abuse its discretion in excluding the evidence.

Evidence that the victim previously accused someone other than the defendant of sexual misconduct is generally not admissible.[7] It is admissible only under certain limited circumstances. Those exceptions are: (1) to show that someone other than the defendant caused

---

directed a verdict of acquittal on that charge based on the lack of corroborating evidence. See OCGA § 16-6-3 (a).

[4] OCGA § 16-6-22.2 (b).

[5] *Burke v. State*, 208 Ga. App. 446, 447 (1) (430 SE2d 816) (1993).

[6] See *Deal v. State*, 241 Ga. App. 879, 881 (1) (528 SE2d 289) (2000).

[7] See *Williams v. State*, 236 Ga. App. 667 (1) (512 SE2d 363) (1999).

the victim's injuries; (2) to show the victim lacks credibility if the victim's prior allegations were false; and (3) to show other possible causes for the victim's symptoms.[8]

Hardeman relies upon the second type of exception. That exception, however, does not apply in this case. Before admitting proof of a victim's false allegation of sexual misconduct by another, the trial court must determine whether a reasonable probability of falsehood exists.[9] This threshold determination exists in order to protect the victim from unfounded allegations that she has made false accusations in the past.[10]

Outside of the jury's presence, S. H. was asked about the prior incident. Although she had difficulty remembering much about the incident or investigation, she testified that the previous investigation came about after she went to the doctor complaining of abdominal pain. When her mother and medical personnel asked questions to figure out what was wrong with her, S. H. replied that her stepfather might have been "messing with" her, meaning "rubbing on" her "and stuff like that," but that she had been sleeping when it happened and it might have been a dream. In this case, S. H. testified that she was not sure if the previous incident was a dream and that she communicated her uncertainty to the police. She further testified that, at the time of the trial of the instant case, she was still not sure if the earlier incident had been a dream.

The officer who investigated the earlier case testified that S. H. told her at the time of that investigation that "she thought she had had a dream" that her stepfather had come into her room that night and touched her. S. H. kept saying she was not sure if she was dreaming or not, "that she just didn't know." According to the investigator, S. H. never actually accused her stepfather of molesting her. Even though the case was never prosecuted, the officer "always believed that this really happened to her."

In light of the foregoing, Hardeman has not shown a reasonable probability that the victim previously made false accusations.[11] Therefore, this exception to the general rule against admitting this type of evidence does not apply here.

Hardeman's other basis for admitting the evidence, to show the victim's state of mind, i.e., that she is unable to distinguish between dreams and reality, is not one of the exceptions to the rule against admissibility.[12] Indeed, we have held that the limited exceptions to

---

[8] See id.; *Berry v. State*, 235 Ga. App. 35, 37 (2) (508 SE2d 435) (1998).

[9] *Gravitt v. State*, 228 Ga. App. 760, 762 (2) (492 SE2d 739) (1997).

[10] *Strickland v. State*, 205 Ga. App. 473 (422 SE2d 312) (1992).

[11] See *Mann v. State*, 244 Ga. App. 756, 758-759 (2) (536 SE2d 608) (2000).

[12] See *Williams*, supra.

the rule barring introduction of evidence of prior sexual incidents involving the victim are not to be expanded to include the desire to show that the victim is confused.[13]

Moreover, we do not agree with Hardeman that the fact that the victim was uncertain as to whether the prior incident was a dream was relevant to the present case. The victim testified that she was asleep when the prior incident occurred, if it did occur; this explains her uncertainty as to whether that incident was a dream. However, she testified that she was not asleep when Hardeman came into her room. In fact, she testified on cross-examination, outside of the jury's presence, that she was not asleep and could not have been confused about what happened when Hardeman came into her room. The evidence was not relevant to the present charge.[14]

Under the circumstances, we cannot say the trial court abused its discretion in excluding the evidence.[15]

Furthermore, even if the trial court should have allowed Hardeman to introduce the evidence, it is highly probable that the error did not contribute to the verdict. In light of the evidence against him, including the victim's testimony and the testimony of several other adolescent girls, the trial court's exclusion of the evidence was harmless.[16]

4. Hardeman maintains the trial court erred in admitting similar transaction evidence because (a) B. M.'s testimony was irrelevant, and (b) E. R. testified without the jury having been given separate limiting instructions. This enumeration presents no grounds for reversal.

(a) The rule allowing similar transaction evidence has been most liberally extended in the area of sexual offenses.[17] In those cases, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony.[18] Acts involving the sexual molestation of children or teenagers, regardless of the type of acts, are of sufficient similarity to be admissible.[19]

Here, B. M. and S. H. were teenage girls with whom Hardeman had improper sexual contact in his girlfriend's home or car. Both inci-

---

[13] *Proper v. State*, 208 Ga. App. 471 (1) (431 SE2d 133) (1993), overruled on other grounds, *Strickland v. State*, 223 Ga. App. 772, 775 (1) (a) (479 SE2d 125) (1996); see *Blackwell v. State*, 229 Ga. App. 452, 453-454 (2) (494 SE2d 269) (1997).

[14] See *Berry*, supra at 38 (2).

[15] See *Gravitt*, supra; *Weldy v. State*, 239 Ga. App. 849 (1) (521 SE2d 858) (1999).

[16] See *Berry*, supra.

[17] *Wilson v. State*, 210 Ga. App. 705, 708 (2) (436 SE2d 732) (1993).

[18] *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999).

[19] *Wilson*, supra; see *Baker v. State*, 241 Ga. App. 666, 668 (1) (b) (527 SE2d 266) (1999) (physical precedent only).

dents occurred around the same time, and both victims knew him and his girlfriend. The fact that on cross-examination B. M. testified that Hardeman did not actually touch her breasts and might have been trying to grab her arm instead does not make her testimony irrelevant, particularly given his comment immediately thereafter about her legs and his inquiry as to when they would get together. The prior incident was sufficiently similar to the aggravated sexual battery charge for the evidence to be admitted.

(b) The argument that E. R.'s testimony should not have been admitted because the trial court failed to give adequate limiting instructions before she testified is without merit.

Although the trial court did not give separate limiting instructions before the second and third similar transaction witnesses testified, it gave one before the first witness testified. In that instruction, the trial court told the jurors that it was giving a charge to guide them "in your consideration of the evidence and testimony that you're fixing to hear," and then thoroughly instructed them on the use of similar transaction evidence.

After the first similar transaction witness testified, the state called V. W. to the stand. Defense counsel stated her continuing objection to the testimony, though she never objected to the lack of a second limiting instruction nor requested another limiting instruction. The same transpired when E. R. was called as a witness. The three similar transaction witnesses testified consecutively.

In the absence of a request, a trial judge is not required to give a contemporaneous limiting instruction regarding similar transaction evidence.[20] Regardless of when the defendant wishes the jury instructed on the limited admissibility of similar transaction evidence, it is incumbent upon him to make a timely request for such a charge.[21] Here, although there is no indication in the transcript that Hardeman requested any limiting instruction whatsoever, the trial court gave a limiting instruction before the first similar transaction witness testified. And, the trial court reiterated the limited application of the similar transaction evidence in its final charge to the jury. If Hardeman wanted the trial court to instruct the jury on the proper use of the evidence two additional times, it was his duty to make that request. The trial court did not err in failing to give, sua sponte, limiting instructions contemporaneously with each witness' testimony.[22] This enumeration is without merit.

---

[20] *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998); *State v. Belt*, 269 Ga. 763, 764-765 (505 SE2d 1) (1998).

[21] *Hinson*, supra.

[22] See generally *Nealy v. State*, 239 Ga. App. 651, 652 (2) (522 SE2d 34) (1999); *Spruell v. State*, 237 Ga. App. 448, 452-453 (5) (514 SE2d 896) (1999).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 9, 2001.

*Phyllis V. Harris*, for appellant.
*James R. Osborne, District Attorney*, for appellee.