A01A2057. JARVIS v. THE STATE.
(560 SE2d 29)

BLACKBURN, Chief Judge.

William Jackson Jarvis was convicted of child molestation and aggravated child molestation. Following the denial of his motion for new trial as amended, Jarvis filed this appeal. Jarvis contends that the trial court erred in admitting his inculpatory statement to police, misapplied the rape shield statute thereby excluding otherwise admissible evidence, and incorrectly charged the jury on two legal principles. We find no merit to these claims and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that the victim's stepfather took her to a sheriff's department after learning she had been victimized by Jarvis. To a

female deputy, the 14-year-old girl revealed what had occurred. While at the hospital, the victim told a nurse that she had had sexual intercourse with a 42-year-old man. Shortly after the incident, the victim also told her mother about it. The victim was a friend of Jarvis's stepdaughter, and the incident took place during a visit to Jarvis's home when the victim left with Jarvis to go feed a neighbor's dog. She testified that while at the neighbor's home, Jarvis had sexual intercourse with her and orally sodomized her. She denied wanting to experience oral sex.

Investigator James E. Spooner, Jr. set up an interview with Jarvis to talk to him about the accusations that had come to surface involving the victim. Spooner testified that he and Investigator Frank Green approached Jarvis at his place of employment and "asked would he mind coming over to the sheriff's office when he got off work to speak with us." While still at work, Jarvis indicated that he probably knew what it was about and said that the girl was 14 which he understood to be the age of consent, "but if it wasn't he guessed he was in a lot of trouble." Later that same day, before the interview commenced, Jarvis was advised of his rights and signed a waiver of rights form. The interview including the advisement of rights was apparently recorded on videotape. When investigators asked Jarvis about the alleged incident, Jarvis, who was nearly 43 years old at the time of the crimes, told police that he believed age 14 to be the age of consent.

At trial, Jarvis, a married man, testified on his own behalf. He admitted having sexual intercourse with the victim and knowing that she was only 14. He explained that he did not believe that he was breaking the law since he did not realize she was underage. He claimed that she invited or instigated the activity. He admitted having a condom with him for the occasion.

1. Jarvis contends that his incriminating remarks made to police were improperly admitted. He claims that after he specifically asked if he was in trouble and whether he needed to speak to an attorney, he should not have been further questioned. He argues that he did not waive his rights with his "eyes open" and was misled by the State. He wants this Court to decide if "such advisement [of his *Miranda* rights] was sufficient."

The trial court conducted a *Jackson-Denno* hearing and determined that the comments Jarvis made to investigators were admissible. The trial court expressly found that prior to any questioning, Jarvis was, in fact, read his *Miranda* rights, and it is undisputed that Jarvis signed a waiver of rights form. The interview was recorded on a videotape, and the jury was permitted to view it. However, neither the videotape nor a transcript of the videotape nor a transcript of the

*Jackson-Denno* hearing was included in the appellate record.[1] In their absence, there is nothing for review. See *Reedman v. State*.[2]

2. Jarvis contends that notwithstanding the rape shield statute, he was entitled to question the victim about her prior sexual history. He argues that he needed to question her about her sexual involvement with other men to show that she was sexually active and to justify the reasonableness of his belief that she "was therefore legally old enough to have voluntary sex."

With some limited exceptions, the rape shield statute, OCGA § 24-2-3 (b), excludes evidence relating to the past sexual behavior of the complaining witness. *Rocha v. State*.[3] This statute applies in child molestation cases. *McGarity v. State*.[4] "Generally, in a child molestation case[,] evidence as to the victim's reputation for nonchastity is not admissible. Nor may evidence be admitted to discredit the victim by showing her preoccupation with sex." (Citation omitted.) *Vargas v. State*.[5] When consent is not a defense, evidence of prior sexual behavior is generally not material to the issues. *Chastain v. State*.[6] Although Jarvis sought to introduce evidence about the victim's purported past sexual history with other men, such evidence was properly excluded since it did not fall under any exception listed in OCGA § 24-2-3 (b). Nor was Jarvis seeking to introduce it to refute evidence introduced about "child abuse syndrome." See *Marion v. State*.[7] Since no exception applied, inquiry into the victim's sexual history was properly foreclosed. See *Williams v. State*.[8]

3. Jarvis claims that the trial court erred by failing to charge the jury on sexual battery and by failing to give his written requested charge on contributing to the delinquency of a minor.

(a) Although Jarvis concedes that he failed to request an instruction on sexual battery, he argues that the trial court was required sua sponte to provide that instruction. But, absent a timely, written request, the trial court need not provide a charge on a lesser included offense not alleged in the indictment. See *State v. Stonaker*.[9] And,

[a] charge on sexual battery as a lesser included offense of child molestation is required when the indictment puts the

[1] Defense counsel and the State agreed that the court reporter would not be required to take down the audio portion of the videotape shown to the jury.

[2] *Reedman v. State*, 193 Ga. App. 688, 689 (2) (388 SE2d 763) (1989).

[3] *Rocha v. State*, 248 Ga. App. 53, 55-56 (2) (545 SE2d 173) (2001).

[4] *McGarity v. State*, 224 Ga. App. 302, 303 (1) (480 SE2d 319) (1997).

[5] *Vargas v. State*, 184 Ga. App. 650 (1) (362 SE2d 461) (1987).

[6] *Chastain v. State*, 257 Ga. 54, 55 (354 SE2d 421) (1987).

[7] *Marion v. State*, 206 Ga. App. 159 (1) (424 SE2d 838) (1992).

[8] *Williams v. State*, 236 Ga. App. 667, 668 (1) (512 SE2d 363) (1999).

[9] *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976).

defendant on notice that he could be convicted of the lesser included offense *and* the evidence presented at trial is sufficient to establish the lesser included offense consistent with these averments.

(Emphasis in original.) *Strickland v. State*.[10]

Here, as in *Strickland*, supra, the evidence presented at trial did not support a charge on sexual battery. Jarvis admitted having engaged in sexual activity with the victim. The victim's testimony, if believed, would establish that Jarvis committed the crime of child molestation and not the crime of sexual battery. This evidence establishes all the elements of child molestation: an immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. OCGA § 16-6-4 (a). When the evidence establishes that the defendant committed the charged offense of child molestation with the requisite specific intent of arousing or satisfying the sexual desires of either the defendant or the victim, a charge on sexual battery is not warranted. *Strickland*, supra at 777. Since the evidence shows without dispute the commission of the greater offense, no error has been shown. See *Jones v. State*.[11]

(b) Although Jarvis did seek a charge on contributing to the delinquency of a minor, the trial court properly refused the request. "Among other requirements, a jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law. When any part of the requested charge is confusing, inapt, incorrect, or not authorized by the evidence, denial of the request is proper." (Citations omitted.) *Jones v. State*.[12] This offense requires "[k]nowingly and willfully encourag[ing], caus[ing], abet[ting], conniv[ing], or aid[ing] a minor in committing a delinquent act as . . . defined in Code Section 15-11-2, relating to juvenile proceedings." OCGA § 16-12-1 (b) (1). Since no evidence showed that the victim engaged in a "delinquent act" as defined by OCGA § 15-11-2 (6), the requested charge was properly refused. *Jones v. State*, 242 Ga. App. at 359 (3).

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 14, 2002 —
RECONSIDERATION DENIED FEBRUARY 6, 2002 — 

[10] *Strickland v. State*, 223 Ga. App. 772, 776 (1) (a) (479 SE2d 125) (1996).
[11] *Jones v. State*, 233 Ga. App. 362, 364 (504 SE2d 259) (1998).
[12] *Jones v. State*, 242 Ga. App. 357, 359 (3) (529 SE2d 644) (2000).

*Gilbert J. Murrah*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.