A04A1555. TAYLOR v. THE STATE.
(601 SE2d 815)

BLACKBURN, Presiding Judge.

Following his conviction on two counts of rape,[1] one count of incest,[2] and two counts of aggravated assault,[3] Melvin Taylor appeals, arguing that the court erred in failing to (i) merge the incest count into one of the rape counts, (ii) admit evidence of the subsequent rape of one of the victims, and (iii) find he received ineffective assistance of counsel. Discerning no error, we affirm.

Construed in favor of the verdict, the evidence shows that Taylor tied his 10-year-old daughter and his 12-year-old niece to bedposts and forced each protesting girl to have vaginal intercourse with him. The daughter testified that on a different night (when an uncle appeared at the door of the residence), Taylor again had sex with the two girls. Using a gun, Taylor threatened the girls that he would kill them if they disclosed the incidents.

Taylor was charged with two counts each of rape, incest, and aggravated assault. The jury found him guilty on all counts except the incest count involving the niece. The court sentenced him on the five counts. Claiming ineffective assistance of counsel, Taylor moved for a new trial, which motion the trial court denied.

1. Citing *Love v. State*,[4] Taylor first claims that the court should have merged the remaining incest count into the rape count involving the daughter since the same act of sexual intercourse was used for each count. This argument ignores the evidence that Taylor engaged in two separate acts of intercourse with the daughter. Where "the

---

[1] OCGA § 16-6-1.
[2] OCGA § 16-6-22.
[3] OCGA § 16-5-21 (a) (2).
[4] *Love v. State*, 190 Ga. App. 264, 265 (2) (378 SE2d 893) (1989).

evidence shows there were at least two acts of sexual intercourse, ...
the trial court could sentence [Taylor] for the two separate offenses."
*Young v. State.*[5] See *Marcello v. State*[6] (evidence of multiple acts of
sexual intercourse will support rape and incest convictions).

2. During trial, Taylor sought to introduce evidence that two
years after the 1999 incidents involving Taylor, the niece had been
raped by her father, resulting in injury to the niece's hymen. Taylor
argued that this evidence would show that the lack of injury to the
niece's hymen following the 1999 alleged incidents with Taylor would
make it less likely that those incidents occurred. The trial court
excluded the evidence, finding that no evidence showed that the later
rape of the niece by her father was similar in force or penetration to
the acts perpetrated by Taylor, and therefore that the injury to the
hymen from the later rape was not probative of showing whether
Taylor had earlier engaged in sexual intercourse with the niece.
Evidence also showed (a) that the medical exam for the later rape
occurred the day after the rape, whereas the medical exam for the
incidents with Taylor took place two weeks after the incidents, and (b)
that a victim's hymen may or may not be injured by sexual inter-
course.

Taylor contends that the court erred in excluding the evidence.
"The admission of evidence is a matter committed to the sound legal
discretion of the trial judge, whose determinations will not be dis-
turbed on appeal unless they constitute an abuse of that discretion."
(Punctuation omitted.) *Ginn v. State.*[7] Here evidence supported the
trial court's determination that the later rape and subsequent hymen-
exam results were not similar enough to the facts in this case to be
sufficiently probative so as to outweigh the prejudicial value of the
evidence.

Moreover, OCGA § 24-2-3 (b) — applicable in child molestation
cases — excludes evidence relating to the past sexual behavior of the
complaining witness with some limited exceptions. *Jarvis v. State.*[8]
"The few recognized exceptions include: (a) to show that someone
other than the defendant caused the injuries to the child; (b) to show
lack of victim credibility if the victim's prior allegations of molesta-
tion were false; and (c) to show other possible causes for the symptoms
exhibited." *Williams v. State.*[9] "Since no exception applied, inquiry
into the victim's sexual history was properly foreclosed." *Jarvis,*
supra at 583 (2). Accordingly, we discern no abuse of discretion.

---

[5] *Young v. State,* 199 Ga. App. 520, 521 (1) (405 SE2d 338) (1991).

[6] *Marcello v. State,* 220 Ga. App. 284, 285-286 (3) (469 SE2d 252) (1996).

[7] *Ginn v. State,* 251 Ga. App. 159 (1) (553 SE2d 839) (2001).

[8] *Jarvis v. State,* 253 Ga. App. 581, 583 (2) (560 SE2d 29) (2002).

[9] *Williams v. State,* 236 Ga. App. 667 (1) (512 SE2d 363) (1999).

*Blackwell v. State.*[10]

3. Taylor claims that the trial court erred in finding he did not carry his burden of showing ineffective assistance of counsel. Thus, he urges us to reverse the court's order denying his motion for new trial.

Taylor claims that his trial counsel erred in failing to introduce videotapes of interviews with the daughter and the niece, in which the victims' statements allegedly contradicted their trial testimony. Taylor played these videotapes to the trial court during the motion for new trial hearing (which videotapes were not transcribed in the hearing transcript) and agreed to submit transcripts of the videotapes for appellate review. Based on its review of the videotapes, the trial court denied Taylor's motion for new trial that was based on a claim of ineffective assistance.

The videotapes and the promised transcripts, however, are not in the appellate record before us. "In their absence, there is nothing for review." *Jarvis*, supra at 583 (1). See *Frazier v. State*[11] ("[a]s the trial transcript does not reflect the portion of the videotape presented to the jury, and the record on appeal does not include the videotape, we are unable to address the merits of this allegation of error").

Moreover, "[t]o establish a claim of ineffective assistance of counsel, [Taylor] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency." (Punctuation omitted.) *Johnson v. State.*[12] Here the evidence showed that while cross-examining the victims, Taylor's trial counsel brought out the inconsistencies between their trial testimony and the videotaped statements. Accordingly, evidence supported a finding that no prejudice resulted from the failure to use the actual videotapes. See *Moon v. State.*[13] The trial court's ruling was not clearly erroneous. See *Johnson*, supra at 31 (" 'a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous' ").

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 2, 2004.

*Zell & Zell, Rodney S. Zell*, for appellant.

---

[10] *Blackwell v. State*, 229 Ga. App. 452, 454 (2) (494 SE2d 269) (1997).

[11] *Frazier v. State*, 261 Ga. App. 508, 511 (3) (c) (583 SE2d 188) (2003).

[12] *Johnson v. State*, 257 Ga. App. 30, 31 (570 SE2d 344) (2002).

[13] *Moon v. State*, 252 Ga. App. 796, 799 (2) (c) (557 SE2d 442) (2001).

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Karl D. Cooke, Jr., Assistant District Attorneys*, for appellee.