# Court of Appeals
# of the State of Georgia

ATLANTA,   January 06, 2016

*The Court of Appeals hereby passes the following order:*

**A16A0500.  MELVIN I. TAYLOR v. THE STATE.**

Melvin I. Taylor was convicted of several offenses including rape and incest, and we affirmed his convictions on appeal.  See *Taylor v. State*, 268 Ga. App. 333 (601 SE2d 815) (2004).  Boyd subsequently filed a pro se motion to vacate his allegedly void sentence, which the trial court denied.  Boyd then filed this appeal. We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Taylor did not argue that his sentence fell outside the permissible statutory range; rather, he contended that his indictment process was flawed. This is not a valid void-sentence claim. See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659

SE2d 875) (2008). Because Taylor has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.  See *Roberts*, supra.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* _____01/06/2016_____
          *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*