## A99A0423. PAZ v. THE STATE.
(521 SE2d 362)

BARNES, Judge.

Jorge Paz appeals his conviction of two counts of aggravated assault. In Count 1, the jury found him guilty of aggravated assault for throwing a kitchen knife at his girlfriend, Tracy Benton, and striking Benton in the thigh with the knife. The jury also found Paz guilty of Count 2, aggravated assault with a gun. Again, Benton was the victim of the assault, but a third party was also directly involved in the incident. Paz contends the trial court erred by denying his motion for mistrial and by refusing to charge the jury on the lesser included offense of reckless conduct as to Count 2. Paz also alleges the evidence is insufficient to sustain his conviction of aggravated assault. We disagree and affirm.

1. Although Paz contends the trial court erred by denying his motion for mistrial, we cannot consider this issue on appeal. Paz moved for a mistrial after the State questioned its expert witness about a prior battery charge. As Paz failed to renew his motion for mistrial after the trial court gave the jury curative instructions, he failed to preserve this issue for appellate review. *Jackson v. State*, 248 Ga. 480, 483 (2) (284 SE2d 267) (1981).

2. Paz also contends the trial court erred in refusing to charge reckless conduct as a lesser included offense of the aggravated assault with a gun charge. At trial, Paz requested a jury instruction on the lesser included offense of reckless conduct on both charges of aggravated assault. The court granted the request as to the charge concerning the knife, but denied the request as to the charge concerning the gun.

Reckless conduct occurs when a person

causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

OCGA § 16-5-60 (b). The distinguishing difference between a charge of aggravated assault and one of reckless conduct is that in a case of aggravated assault, the attempted or completed injury to the victim is the *intended* consequence of the defendant's act, whereas with reckless conduct, the threatened or actual injury to the victim is a product of the defendant's criminal *negligence*. Compare *Shaw v. State*, 238 Ga. App. 757 (519 SE2d 486) (1999).

As to Count 2, the evidence at trial showed that after Paz and a friend, "Mario," located Benton at her friend's house, Mario grabbed her and pointed the gun at her head while demanding she return money she had taken from Paz. Paz, who was intoxicated at the time, told Mario to "shoot her." Mario fired the gun twice in the bedroom, and Benton relinquished her money, keys, and drugs to the men. Although she feared being shot in the back, Benton ran down the hall and locked herself in the bathroom. Two more shots were fired into the bathroom door, but missed Benton.

Paz contends that because he was intoxicated at the time and neither possessed the weapon nor reasonably knew of Mario's intention to shoot Benton, he was entitled to a charge of reckless conduct because he possessed a lesser degree of culpability and a lesser degree of intent. The evidence showed, however, that Paz acted in concert with Mario: he ordered Mario to shoot Benton, and due to Paz's actions, Benton was put in fear of receiving violent injury. Moreover, Paz produced no evidence that the threatened injury to Benton was the result of his criminal negligence and, thus, produced no evidence to support the lesser charge of reckless conduct. "Where the evidence shows either the completed offense, as averred, or no offense, such evidence will not support a verdict for one of the lesser [included offenses]." *James v. State*, 210 Ga. App. 454, 455 (436 SE2d 565) (1993). The trial court was justified in refusing to give the charge on reckless conduct as to this count.

3. Paz also contends the evidence presented at trial was insufficient for a rational trier of fact to find him guilty of aggravated assault beyond a reasonable doubt because the evidence presented at trial was conflicting and contradictory, and serious doubt existed as to his guilt. On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict. Further, Paz no longer enjoys the presumption of innocence. The appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). Resolving conflicts and contradictions is a function of the jury. *Norris v. State*, 220 Ga. App. 87, 88 (1) (469 SE2d 214) (1996).

Viewed in the light most favorable to the verdict, the evidence shows Paz threw a knife at Benton and cut her thigh and later participated in the assault upon her with the gun. Even though Benton stated before trial that she received the cut to her thigh by sitting on the knife, she testified at trial that Paz threw the knife in her direction and it hit her in her thigh. Benton's trial testimony was supported by an emergency medical technician's testimony that because of the location of the cut, Benton's initial version was contrary to the law of physics. Moreover, an expert on battered woman's syndrome

explained at trial that fear of Paz was connected to Benton's reluctance to blame him for her injury. As to the second incident, witnesses at the scene heard the threats and the gunshots. The jury was properly charged on expert testimony, resolving conflicts in the testimony, the burden of proof, and reasonable doubt.

Accordingly, review of all the evidence in the light most favorable to the verdict reveals sufficient evidence from which any trier of fact could find beyond a reasonable doubt that Paz was guilty of aggravated assault with a knife and a gun. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 28, 1999 —
RECONSIDERATION DISMISSED JULY 22, 1999.

*Jerome C. McKee*, for appellant.
Jorge Paz, *pro se*.
*J. Tom Morgan*, District Attorney, *Sheila A. Connors, Robert M. Coker*, Assistant District Attorneys, for appellee.

