## A01A2192. JOHNS v. THE STATE.
(558 SE2d 426)

JOHNSON, Presiding Judge.

A jury found Howard Johns III guilty of two counts of child molestation, one count of aggravated child molestation, and one count of cruelty to children. Because each of Johns' enumerations of error lacks merit, we affirm his convictions.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Johns, the eight-year-old victim's uncle, tried to put his penis in the victim's vagina, but was unsuccessful. He then put his penis in her mouth and ejaculated in it. On a later date, Johns "licked [the victim's] front private" and tried to put his finger in her vagina. Subsequently, the victim told her grandmother about the sexual abuse, and the grandmother reported it to the police. According to the victim, she did not report the abuse earlier because Johns told her he would "hang me up and shoot me in my head."

1. Johns contends the trial court erred in admitting his second degree rape conviction as similar transaction evidence. We disagree.

The record shows that the state offered evidence of Johns' conviction in Alabama of rape in the second degree, the equivalent of statutory rape in Georgia, to show his bent of mind and lustful disposition. The investigator of the prior crime identified Johns as the individual who engaged in sexual intercourse with a 13-year-old female and pled guilty to rape in the second degree. The state argued that there was sufficient similarity between the prior crime and the offenses charged because sexual abuse of young children, regardless of the type of acts perpetrated against them, is sufficiently similar to make the evidence admissible.[1] The trial court agreed and permitted the state to introduce the evidence through an officer's testimony and a certified copy of Johns' guilty plea.

Johns argues that the admitted similar transaction evidence is too prejudicial to justify its admission. However, the state offered the evidence for the legitimate purpose of demonstrating that Johns engaged in sexual relations with female children. In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim as to the acts charged.[2]

Johns next contends that the Alabama case is different from the present case because the victim was older, was a nonrelative, and consented to sexual relations with Johns. However, this argument is without merit. It is well established that "[s]imilar transactions need not be identical to be admitted, and in cases involving sexual of-

---

[1] See *Adams v. State*, 208 Ga. App. 29, 32 (2) (b) (430 SE2d 35) (1993).

[2] *Tucker v. State*, 191 Ga. App. 648 (382 SE2d 425) (1989).

fenses, that rule is to be liberally construed. Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible."[3] We find no such abuse here.

2. Although Johns contends the trial court erred by denying his motion for mistrial, we cannot consider this issue on appeal. Johns moved for a mistrial after the state presented evidence that Johns sexually molested the victim in Alabama. However, since Johns failed to renew his motion for mistrial after the trial court gave the jury curative instructions and failed to request additional limiting or curative instructions, he failed to preserve this issue for appellate review.[4]

Even assuming Johns did properly preserve his motion for mistrial, this argument still lacks merit. The granting or refusing of a motion for mistrial is within the discretion of the trial judge, and we will not disturb the trial judge's decision absent an abuse of discretion.[5] Here, the allegations on the videotape were not transcribed, and the videotape is not included in the record on appeal. Thus, this Court cannot specifically determine the content of the statements and their potential harm. The trial judge viewed the videotape and was in the best position to determine whether any statements were prejudicial or harmful. In his opinion, the statements were not sufficiently harmful to warrant a mistrial. We find no abuse of discretion in this decision.

3. Johns contends the trial court erred in restricting him from introducing evidence or cross-examining witnesses about other individuals that allegedly molested the victim. We find no error.

Evidence that the victim previously accused someone other than the defendant of sexual misconduct is generally not admissible.[6] It is admissible only under certain limited circumstances, including: (1) to show that someone other than the defendant caused the victim's injuries; (2) to show that the victim lacks credibility if the victim's prior allegations were false; and (3) to show other possible causes for the victim's symptoms.[7]

Johns contends he should have been permitted to introduce evidence or cross-examine witnesses about other indicted individuals who allegedly molested the victim in order to establish (1) that someone other than Johns caused the victim's injuries, and (2) other pos-

---

[3] (Footnotes omitted.) *Roberts v. State*, 242 Ga. App. 621, 626 (2) (b) (530 SE2d 535) (2000).

[4] See *Odom v. State*, 243 Ga. App. 227, 231 (1) (d) (i) (531 SE2d 207) (2000); *Paz v. State*, 239 Ga. App. 278 (1) (521 SE2d 362) (1999).

[5] *Cowards v. State*, 266 Ga. 191, 194 (3) (c) (465 SE2d 677) (1996); *Culliver v. State*, 247 Ga. App. 877, 880 (3) (545 SE2d 392) (2001).

[6] *Hardeman v. State*, 247 Ga. App. 503, 504 (3) (544 SE2d 481) (2001).

[7] Id. at 504-505.

sible causes for the victim's behavioral or medical symptoms. However, these exceptions to the general rule of inadmissibility do not apply here.

The medical testimony showed that there was no physical evidence of child molestation or sexual abuse. In addition, the state did not present any testimony regarding the child abuse accommodation syndrome. And, although Johns' expert witness testified that the victim suffered from a psychological disorder which could include telling lies, there was no evidence that the victim ever made any false allegations of child molestation. There is simply no evidence in the record, medical or otherwise, that anyone other than Johns committed the acts of child molestation charged here, and the trial court did not abuse its discretion in ruling that evidence of other alleged molestations was not relevant to the present molestation charges.[8]

4. Johns contends the trial court erred in excluding evidence of specific instances of lying by the victim. These instances were allegedly acquired from the victim's grandmother and a Department of Family & Children Services caseworker. While the trial court permitted Johns' expert witness to testify as to general character questions, it excluded testimony about specific instances of lying by the victim. However, we need not reach the merits of this issue because Johns failed to make an offer of proof regarding any specific instances of lying by the victim.

Because the expert who was to testify about the instances of lying was a defense witness on direct examination, Johns was required to make a proffer in order to preserve this issue for appellate review.[9] However, Johns made no attempt to show the substance of his witness' excluded testimony. If Johns "did not intend to acquiesce in the court's ruling, he should have made apparent in some proper way what the testimony would have been, for without this showing this court cannot determine whether injury resulted."[10]

Moreover, even if Johns had not waived this issue, we find no merit in his argument. While a witness may be impeached by a showing of general bad character, specific acts of bad character are not admissible.[11] "Instances of specific misconduct may not be used to impeach a witness' character or veracity unless the misconduct has resulted in the conviction of a crime involving moral turpitude."[12] The trial court's ruling excluding such testimony was correct.

---

[8] See *Berry v. State*, 235 Ga. App. 35, 37-38 (2) (508 SE2d 435) (1998).

[9] See *Fuss v. State*, 271 Ga. 319, 321 (3) (519 SE2d 446) (1999); *Cruz-Padillo v. State*, 262 Ga. 629, 631 (4) (422 SE2d 849) (1992).

[10] (Citation and punctuation omitted.) *Fuss*, supra.

[11] OCGA § 24-9-84; *Johnson v. State*, 244 Ga. App. 128, 132 (1) (a) (534 SE2d 480) (2000).

[12] (Citations and punctuation omitted.) *Jones v. State*, 226 Ga. App. 420, 422 (1) (487 SE2d 56) (1997).

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED DECEMBER 12, 2001 —
RECONSIDERATION DENIED JANUARY 10, 2002 —

*David A. Fowler*, for appellant.
*Peter J. Skandalakis, District Attorney, Rudjard M. Hayes, Robert N. Peterkin, Assistant District Attorneys*, for appellee.