## A03A0091. BAKER v. THE STATE.
(577 SE2d 282)

ELLINGTON, Judge.

A DeKalb County jury convicted Willie Lee Baker of aggravated assault, OCGA § 16-5-21. He appeals from the denial of his motion for new trial, contending that the evidence was insufficient to support his conviction, that the trial court should have declared a mistrial following a prejudicial witness statement, and that he received ineffective assistance of counsel. Finding no error, we affirm.

1. Baker argues that the evidence was insufficient to support his conviction. Baker relied on the defense of misidentification at trial and now claims that, because the State's witnesses were not credible, there was insufficient evidence that he was the assailant.

> On appeal of a criminal conviction, we view the evidence in the light most favorable to support the verdict, and the defendant is no longer entitled to a presumption of innocence. We do not weigh the evidence or decide witness credibility, but simply determine whether the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the crimes charged. Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.

(Footnotes omitted.) *Durrance v. State*, 250 Ga. App. 185 (2) (549 SE2d 406) (2001).

Viewed in this light, the evidence showed that on September 29, 1999, Baker went to a dilapidated house that the victim was renovating. Baker lived in a boarding house down the street, and the victim had seen him several times. Baker told the victim that he needed some money and asked for work, telling the victim that he would do "anything" for $10. The victim asked Baker to throw some construction debris in the dumpster, and the victim paid him for his effort. Baker left and the victim went to his home to eat supper around 8:00 p.m. After supper, the victim returned to the renovation project to work on the floor. Baker knocked on the door a short time later, and the victim let him in. They talked for a moment, and, when the victim started to go back to work on the floor, Baker suddenly attacked him with a large metal pipe. Baker hit the victim several times on the head, causing numerous cuts and severe bleeding. In response, the victim grabbed a wooden stick with a protruding nail and hit

Baker. The two men struggled, and Baker pulled out a gun.[1] The victim ran outside and tried unsuccessfully to get help from some neighbors standing nearby. Baker also ran outside, and one of the neighbors called out to him, "Why you go f— up again for?" as Baker ran away.

The victim went home and told his fiancée that "Willie" had hit him in the head. Seeing that the victim's head was bleeding profusely and he was "drenched in blood," his fiancée called 911. After paramedics bandaged the victim's head, he briefly returned to the renovation project to retrieve his tools. The victim's fiancée alerted police officers, who went to the renovation project and interviewed the victim. The victim told the officers that a man named "Willie" had attacked him. The victim did not know Willie's last name, but knew that Willie lived down the street. Police officers went to the boarding house, but Baker was not there.

Approximately a month later, the victim picked out Baker's photograph from a book of 150 pictures. The victim also identified Baker at trial as the man who attacked him.

We find that the evidence presented, including the victim's unequivocal identification of Baker as the assailant, was sufficient for a rational trier of fact to find Baker guilty beyond a reasonable doubt of aggravated assault. *Kellibrew v. State*, 239 Ga. App. 783, 784 (1) (521 SE2d 921) (1999).

2. Baker contends that the trial court should have declared a mistrial sua sponte following a police officer's comment that Baker was "at large for a while" following the assault. Baker's counsel objected to the remark as implying flight to avoid prosecution and asked for a curative instruction. The court prohibited the State from arguing flight to the jury and, after the jury returned to the courtroom, instructed it to ignore the witness' last statement. Baker contends the statement prejudiced his defense of misidentification and was so unduly prejudicial as to require a mistrial.

A trial court has wide discretion in deciding whether to grant a mistrial, and that discretion should not be disturbed "unless a mistrial is essential to the preservation of the right to a fair trial." (Citations and punctuation omitted.) *Hamilton v. State*, 274 Ga. 582, 586 (7) (555 SE2d 701) (2001). On appeal, this Court looks "at the relevant circumstances to determine if the trial court abused its discretion in denying the motion for mistrial. Some of the factors and circumstances to be reviewed include the nature of the statement, the other evidence in the case, and the action taken by the court and

---

[1] No gun was recovered at the scene. The jury acquitted Baker of aggravated assault with a handgun.

counsel concerning the impropriety." (Citation and punctuation omitted.) *Nelson v. State*, 204 Ga. App. 409, 410 (2) (419 SE2d 502) (1992).

Pretermitting the issue of whether the evidence of Baker's flight was admissible under the circumstances of this case, it is highly unlikely that the statement affected the jury's verdict, given the victim's unequivocal identification of Baker as his assailant and the curative instructions to the jury. See *Nelson*, 204 Ga. App. at 410 (2) (no mistrial required after defendant's mother testified that defendant lived with her when he was not in jail). We find that the trial court did not abuse its discretion in failing to sua sponte declare a mistrial in this case. See *Walker v. State*, 264 Ga. 79, 81 (5) (440 SE2d 637) (1994) (no abuse of discretion in failing to declare a mistrial after a police officer implied flight when he testified that defendant was in Florida when another man was tried for the crime).

3. Baker argues that, looking at the "totality" of his trial counsel's representation, he was denied the effective assistance of counsel.

> In order to prevail on a claim of ineffective assistance of trial counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The defendant must overcome the strong presumption that counsel's performance fell within a broad range of reasonable professional conduct and must show that there is a reasonable probability that, absent counsel's deficiency, the result of the trial would have been different.

(Citation omitted.) *Holmes v. State*, 272 Ga. 517, 520 (8) (529 SE2d 879) (2000). This Court does not recognize the cumulative error doctrine and must examine each claim of ineffectiveness independently under the two-prong approach of the *Strickland v. Washington* standard. *Holland v. State*, 250 Ga. App. 24, 28 (4) (550 SE2d 433) (2001).

Following a hearing on Baker's motion for new trial, the trial court found that Baker failed to show his counsel was ineffective. The court's order stated that Baker's counsel "had complete discovery from the State and was fully prepared for trial. The Court finds further that he had a theory of defense and a strategy, that he made reasonable strategic and tactical decisions at trial, and he, in consultation with his client, exercised reasonable professional judgment at trial." "Having tried the case and heard from trial counsel, the trial court found that there was no denial of effective assistance of counsel, and that finding must be affirmed unless it is clearly erroneous."

(Citations and punctuation omitted.) *Adams v. State*, 274 Ga. 854, 856 (5) (561 SE2d 101) (2002). As explained below, we find no error in the trial court's findings.

(a) Baker contends counsel should have had the blood on the piece of wood that was recovered at the scene tested for DNA to see if the blood matched Baker's. At the hearing on Baker's motion for new trial, counsel gave three reasons as to why he did not have the wood piece tested for DNA. First, counsel testified that he had complete access to the State's file before trial, but that the piece of wood was not included. In fact, Baker's counsel told the court prior to trial that he did not know of any evidence from the scene of the crime that could be used to make a DNA comparison with Baker's blood. He testified that he was not aware until trial that a police investigator had recovered the piece of wood and that he believed the prosecutor was similarly unaware. Second, counsel testified that, even if he had been aware that the wood piece was available, he did not believe a DNA test would have been beneficial to Baker's case. Third, he opined that Baker actually benefitted by the absence of DNA test results, because he was able to argue to the jury that the State should have performed the DNA test in order to prove Baker was the assailant. Counsel also testified that, even if DNA tests had been performed and the blood did not match Baker's, he did not think it would have been "the piece of evidence to knock the State's case out of the ballpark" or that it would have changed the outcome of the trial, considering the totality of the other evidence.

Further, Baker's new counsel failed to proffer any evidence that, if the DNA testing had been conducted, the outcome of the trial would have been different. See *Madge v. State*, 245 Ga. App. 848, 851-852 (3) (a) (538 SE2d 907) (2000) (no ineffective assistance demonstrated when defendant failed to show that hiring an expert to testify about drug testing would have changed the outcome of the trial).

> The failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because appellant failed to make any proffer of [DNA evidence], it is impossible for appellant to show there is a reasonable probability the results of the proceedings would have been different. It cannot possibly be said that the [DNA evidence] would have [been favorable] to appellant.

(Citations omitted.) *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

Having heard Baker's contentions on this issue at the hearing on the motion for new trial, the trial court ruled that Baker failed to prove his counsel could have or should have done something more regarding the piece of wood or that, if testing had been performed, the trial would have resulted in a different outcome. This conclusion is supported by the record. We find that Baker has failed to carry his burden of establishing that trial counsel's failure to secure DNA testing of the blood on the wood piece satisfied either prong of his ineffective assistance claim under *Strickland*, supra. There was no error.

(b) Baker's complaint that trial counsel should have moved for a mistrial after a witness stated that he had been "at large" prior to his arrest is without merit. Counsel testified that he did not move for a mistrial because it would have "stressed [the statement] more in the jury's mind." This was a strategic decision that was not so "patently unreasonable" as to constitute ineffective assistance. *Herndon v. State*, 235 Ga. App. 258, 259 (509 SE2d 142) (1998). Further, the trial court specifically stated during the motion for new trial hearing that, even if a motion for mistrial had been timely made, it would have denied the motion. See Division 2, supra. According to the trial court, "I don't think the statement that he was at large for a while in the context of the trial was such that it would be the basis for a mistrial." Therefore, Baker cannot demonstrate counsel's deficient performance or that he was prejudiced by counsel's failure to move for a mistrial. See *Lloyd v. State*, 214 Ga. App. 564, 569 (2) (448 SE2d 729) (1994) (both deficient performance and prejudicial error must be shown to reverse a conviction); see also *Washington v. State*, 253 Ga. App. 611, 617 (4) (a) (560 SE2d 80) (2002) (failure to make an objection that would have been overruled is not deficient performance).

(c) Baker's allegation that counsel failed to spend sufficient time with him prior to trial was rejected by the trial court. This finding was supported by counsel's testimony at the motion hearing and, therefore, was not clearly erroneous.

(d) According to Baker, this crime was so "bizarre" that counsel should have had him evaluated to ascertain whether he was suffering from a mental defect or delusional compulsion at the time of the crime. Baker produced no evidence at the hearing on his motion for new trial to demonstrate that he was impaired by a mental condition at the time of the assault. His counsel testified that he did not perceive a problem communicating with Baker, that Baker seemed to understand what was happening at trial, and that there did not appear to be a mental health issue that required an evaluation. Baker has failed to carry his burden to show ineffective assistance on this issue. See *Nichols v. State*, 253 Ga. App. 512, 517-518 (2) (559 SE2d 538) (2002) (absent evidence demonstrating how a mental

health evaluation would have benefitted his case, defendant's ineffective assistance argument failed).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 4, 2003.

*Maria Murcier-Ashley*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Andrette Watson, Assistant District Attorneys*, for appellee.