A03A1254. BECK v. THE STATE.
(587 SE2d 316)

SMITH, Chief Judge.
Victor Beck was indicted for two counts of rape, two counts of incest, four counts of aggravated child molestation, five counts of aggravated sexual battery, and eleven counts of child molestation, all committed on his two stepdaughters. Beck's wife and another child testified on behalf of the State. The jury found him guilty of all counts except one count of aggravated child molestation and one

---

count of child molestation, as to which the trial court directed a verdict of acquittal. His amended motion for new trial was denied after an evidentiary hearing, and he appeals, asserting ineffective assistance of counsel and error in the admission of similar transactions. Finding no error, we affirm.

1. Beck asserts ineffective assistance of counsel in four respects: failure to object to leading questions posed by the prosecutor, failure to interview defense witnesses, failure to obtain impeachment evidence, and failure to advise Beck's wife of her spousal immunity. We find no error in the trial court's conclusion that Beck's trial counsel did not provide ineffective assistance.

To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. See generally *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous. [Cit.]" *Chapman v. State*, 273 Ga. 348, 350 (541 SE2d 634) (2001).

(a) Beck contends that his trial counsel failed to object when the prosecutor asked leading questions of the victims. But on the motion for new trial, trial counsel testified that she was familiar with the judge trying the case and that she knew that the judge would allow the prosecution to ask leading questions of the youthful victims in order to "get the girls comfortable in the courtroom." She also noted that one victim was "shy, reserved, embarrassed" and that one victim was very emotional on the witness stand. She testified that the victims were "on the witness stand testifying about very embarrassing things, so the more I stand up — it's kind of a touch-and-go thing about, you know, how much of an adversary I try to be at that point in the trial." The making of objections falls within the realm of trial tactics and strategy and usually provides no basis for reversal of a conviction. *Herndon v. State*, 235 Ga. App. 258, 259 (509 SE2d 142) (1998). "Counsel's decisions on matters of tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel. [Cits.]" *Scott v. State*, 238 Ga. App. 258, 260 (2) (518 SE2d 468) (1999).

(b) Beck next complains that his trial counsel failed to interview defense witnesses who would have testified that he had a good relationship with the victims. But trial counsel testified that Beck identified only one of these individuals to her, that her investigator repeatedly paged him, and that he told the investigator he could not talk at that time and would call her back, but he never did and never

responded to subsequent attempts to page him. "[C]ounsel's credibility was a matter for the trial court's discretion. [Cit.]" *Cooper v. State,* 232 Ga. App. 461, 463 (2) (a) (502 SE2d 306) (1998). Moreover, trial counsel testified that she decided not to call any character witnesses because that would open the door for evidence of Beck's prior felony conviction. "Deciding which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel." (Citation, punctuation and footnote omitted.) *George v. State,* 257 Ga. App. 645, 647 (2) (572 SE2d 644) (2002).

(c) Beck argues that trial counsel failed to obtain impeachment evidence, specifically a police report, his wife's work records, and telephone records. He contends that the police report contained an assertion by the victims that Beck attacked them while his wife was at work and that the work records might have shown that his wife was at home during some of the times alleged. Beck also asserts that telephone records could have shown inconsistencies in the timing of the victims' outcry by telephone to their grandmother in another state, although it is unclear whether he is alleging that the call did not take place or that the victims' mother made the call. But trial counsel testified that work records would have been useless because the alleged offenses took place over a period of three to four years: "[W]e try to address opportunity; however, that's very hard here because these girls were alleging a huge span. I mean it was years of sexual contact they were alleging. So to say that absolutely never during the time was he alone with them just was pretty unrealistic." Moreover, she testified that there was no specific day or time alleged by the victims and that Beck's defense "was more of a, well, I wasn't home with the girls thing . . . but that wasn't true from the other testimony and evidence we knew about." Trial counsel also pointed out that the telephone call was corroborated by at least three witnesses in addition to the victims. Beck therefore has failed to show that the information in question would have had any effect on the outcome of the trial. *Baker v. State,* 259 Ga. App. 433, 436 (3) (a) (577 SE2d 282) (2003).

(d) Finally, Beck complains that trial counsel was ineffective in failing to advise his wife of her spousal immunity. But trial counsel testified that her investigator made repeated attempts to contact Beck's wife without success, noting that "I [could] never get her to talk to us. So it's true we have the same phone numbers and addresses as the State does, but a lot of times people, especially in these cases, don't want to speak to anybody representing the defendant, so I didn't have that opportunity to talk to her about that." Moreover, as noted in *Pirkle v. State,* 234 Ga. App. 23 (1) (506 SE2d 186) (1998), OCGA § 24-9-23 (b) provides that the spousal privilege "shall

not apply in proceedings in which the husband or wife is charged with a crime against the person of a minor child" with respect to testimony regarding the specific acts charged against the defendant.

Here, trial counsel's decisions were either strategic in nature or the result of the refusal of others to cooperate. The trial court's decision was supported by some evidence and was not clearly erroneous. *Williams v. State*, 254 Ga. App. 8, 12 (3) (a) (561 SE2d 149) (2002).

2. Beck also complains of the admission of two similar transactions: his sexual intercourse with the victims' then nine-year-old sister approximately eight years before trial, and his performance of a specific deviant sexual act upon his wife.

> The rule allowing similar transaction evidence to be admitted is most liberally applied when the charged crimes are sexual offenses. This Court has held that the sexual molestation of young children or teenagers, regardless of the gender of the victim or the type of act, is sufficiently similar to be admissible as a similar transaction in such cases. [Cit.]

*Perkins v. State*, 224 Ga. App. 63, 66 (3) (479 SE2d 471) (1996). Moreover, a particular sexual act performed upon an adult rather than a child may nevertheless be relevant to show similarity and that the defendant had a "lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity." (Citation and punctuation omitted.) *Barrett v. State*, 253 Ga. App. 357, 358 (1) (559 SE2d 108) (2002).

The evidence described acts remarkably similar to those with which Beck was charged. The victims' older sister testified that Beck had forced her to have intercourse with him in a manner similar to that testified to by the victims, and Beck's wife testified that he performed the same deviant sexual act upon her that the victims testified he performed upon them. This evidence was admissible to show Beck's bent of mind, course of conduct, and lustful disposition with respect to the offenses alleged against him. The trial court did not err in admitting the similar transaction evidence.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 17, 2003.

*Carla J. Friend*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.