## A05A0379. SHARIF v. THE STATE.
(613 SE2d 176)

JOHNSON, Presiding Judge.

A jury found Maruf Sharif guilty of aggravated assault. Sharif appeals, alleging the trial court erred in (1) allowing hearsay statements of a nontestifying witness into evidence, (2) allowing the state to put his character in issue, and (3) allowing the state to ask leading questions during direct examination. Sharif also claims the evidence was insufficient to support his conviction, and he was provided ineffective assistance of counsel. We find no error and affirm Sharif's conviction.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Sharif shot the victim three times. According to the record, DeKalb County police responded to a "person shot" call. The victim, known to police as "Shorty," told police that Sharif had shot him. At the hospital, the victim positively identified Sharif's photograph as that of the person who shot him. The victim also positively identified Sharif in the courtroom as the person who shot him.

The victim testified that he first met Sharif a few days prior to the .shooting when he and a friend encountered Sharif outside a store. Sharif claimed the victim's friend owed him money for some drugs. The victim's friend corroborated the victim's testimony regarding this meeting. A day or two later, the victim again saw Sharif in the same area. Sharif asked the victim where his friend was and told him, "don't let me catch one of you all pussy n-----s slipping around here." In the early morning hours on the day of the incident, the victim and a female friend walked by Sharif's apartment building and heard Sharif say, "There go one of the f--- n-----s right there." The victim saw Sharif and tried to leave. As he was walking away, the victim's female friend said, "He got a gun. He got a gun." The victim heard the sound of a gun being cocked and heard a woman scream, "Sharif, don't do it." Sharif shot the victim three times. The victim heard the same female voice say, "Sharif, you're going to kill him." The victim managed to escape, screamed that he had been shot and asked a friend to call the police.

Police went to Sharif's apartment to interview him about the incident. Following a *Jackson-Denno* hearing, the state was permitted to present evidence that Sharif, who was not under arrest, made a spontaneous statement that "Shorty's been dead for a while." Police noted that in a previous murder case in which Sharif had been a witness, the victim had also been known as "Shorty." Sharif denied shooting the victim in this case and claimed an alibi, but produced no alibi witnesses. Sharif testified that the only "Shorty" he knew was the victim in a previous homicide.

1. Sharif contends the trial court erred in admitting testimony from the victim that he heard an unidentified female voice scream Sharif's name, tell him "don't do it," and tell Sharif he was going to kill the victim as a gun was cocked and fired at the victim. These statements were admissible under the res gestae exception to the hearsay rule, and the trial court did not err in allowing the statements into evidence.

OCGA § 24-3-3 provides that "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." A trial court's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant consideration by the jury will not be disturbed on appeal unless that determination is clearly erroneous.[1]

In the present case, the excited utterances were made contemporaneously with Sharif's threats, the cocking of the gun, and the shooting. Thus, they were part of the res gestae, and the circumstances preclude the idea of deliberation or fabrication.[2] The statements were inherently trustworthy, and the trial court did not err in admitting them at trial.[3]

2. Before trial, the state informed the court that it intended to present evidence that Sharif's motive for shooting the victim was the victim's friendship with a person who had apparently bought drugs from Sharif, but had refused to pay the amount of money Sharif demanded. The state emphasized that it would present the evidence only for the limited purpose of showing motive. Sharif objected, arguing that such evidence would inject his character into evidence. However, the trial court permitted the evidence. Sharif claims on appeal that the trial court erred in permitting the state to introduce evidence that he was a drug dealer to show his motive to shoot the victim. We find no error.

The state was entitled to present evidence to establish that there was a motive.

> The evidence that appellant was a drug dealer, that he used drugs with and sold drugs to the victim, and that there was a dispute between him and the victim regarding drugs was clearly relevant to prove that appellant had a motive for killing the victim. Evidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it

---

[1] *Patel v. State*, 278 Ga. 403, 404-405 (2) (603 SE2d 237) (2004).
[2] Id.
[3] See *Barnett v. State*, 211 Ga. App. 651 (440 SE2d 247) (1994).

incidentally puts the defendant's character in issue.[4]

The evidence complained of was clearly admissible to show Sharif's motive in threatening and shooting the victim.

3. Sharif contends the evidence was insufficient to support the jury's verdict finding him guilty of aggravated assault. On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[5] Moreover, an appellate court does not weigh the evidence or determine the credibility of the witnesses, but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia.*[6] As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the verdict will be upheld.[7]

We find that the evidence presented, including the victim's unequivocal identification of Sharif as the assailant, was sufficient for a rational trier of fact to find Sharif guilty beyond a reasonable doubt of aggravated assault.[8]

4. Sharif argues that the trial court erred in permitting the state to use leading questions during the state's direct examination of one of its witnesses. However, a review of the transcript shows that Sharif never objected to the state's use of leading questions during the trial. Sharif "was required to make a contemporaneous objection to the complained-of testimony in order to preserve this point of error for appellate review."[9]

5. In his final enumeration of error, Sharif contends his trial counsel was ineffective because he failed to sufficiently investigate the case. Specifically, Sharif contends his trial counsel failed to locate and subpoena an alibi witness, a female roommate.

The law places the burden on a defendant to establish that he received ineffective assistance of counsel at trial. To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[10] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was

---

[4] *Johnson v. State*, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990).

[5] See *Paz v. State*, 239 Ga. App. 278, 279 (3) (521 SE2d 362) (1999).

[6] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[7] See *Baker v. State*, 259 Ga. App. 433 (1) (577 SE2d 282) (2003).

[8] See id. at 434 (1).

[9] (Citation and punctuation omitted.) *Izzo v. State,* 265 Ga. App. 143 (1) (592 SE2d 915) (2004).

[10] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[11] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[12] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result.[13]

Here, the record shows that trial counsel made diligent efforts to identify and locate possible defense witnesses, including the female friend who was with the victim at the time of the shooting, individuals with Sharif at the time of his arrest, and Sharif's female roommate. Despite diligent efforts, neither defense counsel nor the state was able to locate the female friend who was with the victim at the time of the shooting. Defense counsel did locate two possible witnesses who were with Sharif at the time of his arrest, but chose not to call these witnesses because neither could provide an alibi for the time and place of the shooting and both had some things to say that could have been damaging.

As for Sharif's female roommate, defense counsel testified at the motion for new trial hearing that he made efforts to find the roommate, but she had moved after Sharif's arrest and had an unlisted phone number. He also asked Sharif's sister and brother-in-law about the roommate, but they could not provide any helpful information. According to defense counsel, his primary focus was not on locating the female roommate because Sharif told him that the female roommate went to bed before midnight and slept in a separate bedroom. Thus, defense counsel did not believe this witness could provide Sharif with an alibi.

At the motion for new trial hearing, the female roommate testified that she went to bed on the night in question between 8:00 and 8:30 p.m. because she had to wake up for work at 3:45 a.m. She did recall that Sharif was at the apartment when she went to bed, but could not testify regarding whether Sharif remained in the apartment after she went to bed. She did not recall if she woke up to use the bathroom, if Sharif's bedroom door was open or closed if and when she used the bathroom, or if Sharif's bedroom door was open or closed when she woke up. The female roommate further testified that she moved shortly after Sharif was arrested, had an unlisted phone number, and never attempted to contact Sharif even though she knew

---

[11] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[12] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[13] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

he was in jail. Based on this testimony, we find no merit in Sharif's claim that his trial counsel was ineffective for failing to locate and subpoena the female roommate. Tactical or strategic decisions such as the failure to call certain witnesses do not equate with ineffective assistance of counsel.[14]

Moreover, even if we assume that the failure to locate, interview and subpoena the female roommate constituted deficient performance, Sharif has not shown how such actions would have changed the outcome of his trial. The female roommate's testimony did not provide an alibi for Sharif at the time and place of the shooting. Because Sharif has failed to show a reasonable likelihood that the result of the trial would have been different had defense counsel located and subpoenaed the female roommate to testify, we cannot find that defense counsel's failures in this regard constituted ineffective assistance of counsel.[15]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 6, 2005.

*Robert Kenner, Jr.*, for appellant.
*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.

---

[14] See *Sutton v. State*, 261 Ga. App. 860, 863-864 (2) (a) (583 SE2d 897) (2003); *Beecher v. State*, 240 Ga. App. 457, 460 (4) (523 SE2d 54) (1999).

[15] See *Ziegler v. State*, 270 Ga. App. 787, 790-791 (4) (608 SE2d 230) (2004); *Smith v. State*, 255 Ga. App. 580, 583 (1) (565 SE2d 904) (2002).