## A09A2280. BRADFORD v. THE STATE.
(686 SE2d 473)

JOHNSON, Presiding Judge.

Following a bench trial, Nicholas Trent Bradford was convicted of violating the Georgia Controlled Substances Act, hindering a law enforcement officer, and several traffic offenses. Bradford was sentenced to a term of 45 years, of which 25 were to be served in custody. He appeals, claiming that he received ineffective assistance of trial counsel. Finding no error, we affirm.

Bradford alleges that his trial counsel was ineffective in failing to advise him that the state had extended a plea offer that, if accepted, would have provided for a period of incarceration of not more than ten years. At the hearing on Bradford's motion for new trial, however, trial counsel testified that he negotiated the plea offer with the state and discussed it "on a number of occasions" with Bradford. Trial counsel testified that Bradford did not express any interest in accepting the plea offer until after the offer expired; and, at that point, Bradford's trial counsel was unable to convince the state to reinstate the offer.

The credibility of the defendant and trial counsel and the weight to be given their testimony lies solely with the trier of fact.[1] Here, the trial court heard the testimony of both witnesses, observed their demeanor on the witness stand, and weighed their credibility. The trial court's finding regarding trial counsel's effectiveness was supported by some evidence and was not clearly erroneous.[2]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED NOVEMBER 12, 2009.

*Christopher G. Paul*, for appellant.
*T. Joseph Campbell, District Attorney, Richard A. Hull, Assistant District Attorney*, for appellee.

---

[1] *Beck v. State*, 263 Ga. App. 256, 258 (1) (b) (587 SE2d 316) (2003).
[2] Id. at 259 (1) (d).